UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

P.R. and C.R., individually and on behalf of M.R,                COMPLAINT

                                    *Plaintiff*,                 Court File No. 25-cv-555
                            - against -

New York City Department of Education                            IHO Case No. 263900

                                    *Defendant*.
------------------------------------------------------------X

P.R. and C.R., individually and on behalf of M.R., a child with a disability, for their complaint hereby allege:

1.  This is an action brought pursuant to the fee shifting provisions of the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §1415(i)(3).

2.  At all times relevant to this action, Plaintiffs P.R. and C.R. and their son M.R. resided within the territorial jurisdiction of the defendant New York City Department of Education ("Defendant" or "Department").

3.  Plaintiffs P.R. and C.R. are the parents of a child with a disability as defined by IDEA, 20 U.S.C. §1401(3)(A).

4.  Defendant is a local educational agency as defined by IDEA, 20 U.S.C. §1401(19), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. §1400 *et seq.* and the regulations promulgated thereunder.

**JURISDICTION AND VENUE**

5. Jurisdiction is predicated upon 28 U.S.C. §1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of IDEA, 20 U.S.C. §1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

6. Venue is predicated upon 28 U.S.C. §1391(b)(1) based upon the residence of the defendant, and upon 28 U.S.C. §1391(b)(2) based upon the location of the subject matter of this action.

**FACTUAL BACKGROUND AND EXHAUSTION OF ADMINISTRATIVE PROCESS**

7. By letter dated October 13, 2023, Plaintiffs P.R. and C.R. requested a due process hearing on behalf of M.R. pursuant to 20 U.S.C. §1415(f)(1).

8. Plaintiffs P.R. and C.R. sought a determination that the Department had denied their son a free appropriate public education, to provide tuition reimbursement for any amounts paid to the private school, and direct and/or prospective funding for any amounts owed to the private school, funding for an independent neuropsychological evaluation, an Occupational Therapy evaluation, a prompt-based Speech Language Therapy evaluation, transportation to and from evaluation sites, an order that the Department is to implement the recommendations from the above evaluations, including providing funding for center-based and/or home-based OT, SLT, ABA, SEIT/SETSS, and other educational services awarded, at enhanced rates where necessary, and such other relief as the impartial hearing officer would determine to be fair and just.

9. Impartial Hearing Officer ("IHO") Vanessa M. Gronbach was assigned to the matter under Case No. 263900.

10. An impartial hearing was conducted on May 14, 2024.

11. Following the close of hearing, the IHO issued a decision ("IHO Decision") dated June 18, 2024.

12. The IHO found that the Department had denied the student a free appropriate public education for the 2023-2024 school year and ordered the Department to reconvene the CSE within 20 days to make recommendations commensurate with the recommendations in the January 2024 neuropsychological evaluation, to provide the Student with a minimum of 10 hours/week of ABA services, Speech 5x30 minutes, Occupational Therapy 3x30 minutes/week, Parent Counseling and Training 3 hours/month, for a 12-month school year, either in the public school or home, and provide the Student with a bank of hours at enhanced rates of parent counseling and training, Occupational Therapy, and Speech Language Therapy.

13. Neither party appealed the decision of the IHO.  Thus, the decision is final.

14. Plaintiffs are a prevailing party by virtue of the IHO's decision.

**FIRST CAUSE OF ACTION**

15. Plaintiffs repeat and reallege paragraphs 1 through 14 as if more fully set forth herein.

16. Plaintiffs have submitted to the Department a request for payment for services rendered ("attorney fee claim").

17. Plaintiffs have attempted, without success, to resolve the attorney fee claim.

18. Settlement negotiations have not occurred because Respondent has been unresponsive to attempts to initiate settlement discussions.

19. Plaintiffs hereby demand reasonable attorney fees and expenses pursuant to 20 U.S.C. §1415(i)(3) for services rendered on the above noted administrative proceedings.

20.  Defendant has not satisfied its obligation to pay attorney fees in a timely fashion.  Thus,

Plaintiffs demand prejudgment interest.

**SECOND CAUSE OF ACTION**

21.     Plaintiffs repeat and reallege paragraphs 1 through 20 as if more fully set forth herein.

22.     Plaintiffs hereby demand reasonable attorney fees and expenses for services rendered

on this action.

WHEREFORE, Plaintiffs respectfully requests that this Court:

(1)  Assume jurisdiction over this action;

(2)  Award to the Plaintiffs costs, expenses, and attorney fees together with prejudgment

interest for the administrative proceedings pursuant to 20 U.S.C. §1415;

(3)  Award to Plaintiffs the costs, expenses, and attorney fees of this action pursuant to 20

U.S.C. §1415; and

 (4)  Grant such other and further relief as the Court deems just and proper.


Dated: January 20, 2025
        New York, New York


                                    Respectfully,

                                    */s/ Adam Dayan*

                                    _____
                                    Adam Dayan, Esq. (AD 5445)
                                    *Attorney for Plaintiffs*
                                    Law Offices of Adam Dayan, PLLC
                                    222 Broadway, 19th Floor
                                    New York, New York 10038
                                    Phone: (646) 866-7157
                                    Facsimile: (646) 866-7541
                                    adayan@dayanlawfirm.com